UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOMMIE LEE WILLIAMS,

        Petitioner,

vs.                              Case No. 3:08-cv-596-J-12TEM

WALTER A. MCNEIL,
et al.,

        Respondents.

_____

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner Tommie Lee Williams, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on June 11, 2008, pursuant to the mailbox rule.[1] Petitioner challenges a 2005 state court (Duval County, Florida) judgment of conviction for two counts of sale or delivery of heroin on one ground: the trial court failed to conduct a proper Faretta[2] inquiry.

---

[1] The Petition (Doc. #1) was filed in this Court on June 13, 2008; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (June 11, 2008). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] Faretta v. California, 422 U.S. 806 (1975).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitations as set forth in 28 U.S.C. § 2244(d). See Respondents' Response and Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #12).[3] Petitioner was given admonitions and a time frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #7). Petitioner has replied. See Petitioner's Reply to State's Response on Motion to Dismiss Petitioner's Writ of Habeas Corpus (Doc. #13).

The following procedural history is relevant. Petitioner Williams was charged, by Information, in this case with two counts of sale or delivery of heroin. Ex. B. Petitioner sold heroin to undercover officers, and the transactions were videotaped. Ex. C. The cases were severed for trial. Each jury found Petitioner Williams guilty of the sale or delivery of heroin. Ex. D; Ex. E. The trial court sentenced Petitioner to eight years of imprisonment on each count, to run concurrently to each other. Ex. F; Ex. G.

On appeal, there was a partial consolidation of the cases for record purposes, and the parties filed briefs. Ex. H; Ex. I. On September 27, 2006, the appellate court per curiam affirmed, citing Harris v. State, 932 So.2d 551 (Fla. 1st DCA 2006).[4] Williams v.

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

[4] Harris v. State, 932 So.2d 551 (Fla. 1st DCA 2006) (holding that the lack of guilty knowledge requirement for the conviction of

3

State, 940 So.2d 1172 (Fla. 1st DCA 2006); Ex. J. On November 9, 2006, Petitioner's motion for rehearing, rehearing en banc and request for a written opinion and certification was denied. Ex. K.

Petitioner's conviction became final on February 7, 2007 (90 days from November 9, 2006, when the appellate court denied the motion for rehearing). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to the rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denied of that motion."); Supreme Court Rule 13.3. This was after the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year from the date his case became final to file the federal petition (February 7, 2008). His Petition, filed in this Court on June 11, 2008, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

On November 20, 2006, Petitioner, through counsel, filed a Notice to Invoke Discretionary Jurisdiction, stating that the decisions of the appellate court on September 27, 2006, and November 9, 2006, are within the discretionary jurisdiction of the Florida Supreme Court because they expressly and directly conflict

---

the charged offense (sale and delivery of cocaine within 1,000 feet of a church) did not violate defendant's constitutional right to due process of law).

4

with numerous decisions of the Florida Supreme Court on the same questions of law. Ex. L. On July 9, 2007, the Florida Supreme Court dismissed the case and denied review for lack of jurisdiction. Williams v. State, 962 So.2d 340 (Fla. 2007); Ex. M.

As noted by the Respondents, the time during which the Notice to Invoke Discretionary Jurisdiction was pending does not toll the one-year period of limitations. Response at 4-5. The Florida Supreme Court is a court of limited jurisdiction and did not have jurisdiction over the case. See Tucker v. Dep't of Corr., 301 F.3d 1281, 1283 (Fla. 2002) (explaining that the Florida Supreme Court may review a decision of a district court of appeal by (1) conflict jurisdiction when the Florida Supreme Court perceives an actual or potential conflict within the law of the state, and (2) certified question jurisdiction).

In general, the Florida Supreme Court does not have the authority to review cases where the district court of appeal issues a per curiam affirmance without issuing a written opinion. Grate v. State, 750 So.2d 625 (Fla. 1999); Jenkins v. State, 385 So.2d 1356 (Fla. 1980).[5] However, the Florida Supreme Court has carved

---

[5] The Supreme Court of Florida stated: "Accordingly, we hold that from and after April 1, 1980, the Supreme Court of Florida lacks jurisdiction to review per curiam decisions of the several district courts of appeal of this state rendered without opinion, regardless of whether they are accompanied by a dissenting or concurring opinion, when the basis for such review is an alleged conflict of that decision with a decision of another district court of appeal or of the Supreme Court." Jenkins v. State, 385 So.2d at 1359.

out a narrow exception. When a district court of appeal issues a per curiam decision containing a citation to a case for which the Florida Supreme Court has accepted review, then the Florida Supreme Court does have jurisdiction. However, if the case cited has not been accepted for merits review, there is no jurisdiction. Harrison v. Hyster Co., 515 So.2d 1279 (Fla. 1987); Jollie v. State, 405 So.2d 418, 421 (Fla. 1981).

In dismissing review of Petitioner's case for lack of jurisdiction, the Florida Supreme Court cited Harrison, 515 So.2d 1279, and Dodi Publ'g Co. v. Editorial Am., S.A., 385 So.2d 1369 (Fla. 1980). The Florida Supreme Court, in Persaud, has explained:

> This Court's decisions in Dodi Publishing Co. v. Editorial America, S.A., 385 So.2d 1369 (Fla. 1980), and Jollie v. State, 405 So.2d 418 (Fla. 1981), when read together, stand for the proposition that this Court does not have jurisdiction to review per curiam decisions of the district courts of appeal that merely affirm with citations to cases not pending review in this Court. In Dodi Publishing, we rejected "the assertion that we should reexamine a case cited in a per curiam decision to determine if the contents of that cited case . . . conflict with other appellate decisions." 385 So.2d at 1369. In Jollie, we reaffirmed that "mere citation PCA decisions . . . will remain nonreviewable by this Court" and distinguished those district court PCA opinions that cite as controlling authority "a case that is pending review in or has been reversed by this Court." 405 So.2d at 421.
>
> The decision in Dodi Publishing explicitly addressed this Court's lack of jurisdiction to review per curiam decisions from the district courts of appeal that merely

6

>     cite to a case not pending on review in this
>     Court.

Persaud v. State, 838 So.2d 529, 531-32 (Fla. 2003). Thus, in Petitioner's case, the Florida Supreme Court properly determined that it did not have jurisdiction, as the cited case had not been accepted for review.[6]

The one-year period of limitations began to run on February 8, 2007, and the one-year period of limitations continued to run during the pendency of Petitioner's Notice to Invoke Discretionary Jurisdiction in the Florida Supreme Court.

On or about September 5, 2007, Petitioner filed a *pro se* Motion to Mitigate/Reduce Sentence pursuant to Fla. R. Crim. P. 3.800(c), which the court denied on September 26, 2007. Ex. N; Ex. O; Ex. A at 12 (providing the date of the denial of the motion). Clearly, a Rule 3.800(c) motion does not toll the time under the AEDPA because it is only a means to seek a reduction of a legal sentence and is not an attack on the constitutionality or legal correctness of a sentence or judgment, and therefore, a Rule 3.800(c) motion does not qualify as an "application for State post-conviction or other collateral review with respect to the

---

[6] In Williams, 940 So.2d 1172, the appellate court per curiam affirmed, citing Harris, 932 So.2d 551. On July 6, 2007, the Florida Supreme Court denied review of the Harris case. Harris, 962 So.2d 336 (Fla. 2007). Three days later on July 9, 2007, the Florida Supreme Court dismissed Petitioner's case and denied review for lack of jurisdiction. Williams, 962 So.2d 340; Ex. M.

pertinent judgment" under 28 U.S.C. § 2244(d)(2). See Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1297 (11th Cir. 2008); Response at 6.

Thus, as argued by Respondents, the one-year period of limitations ran unabated until February 7, 2008. At that point, the federal limitations period expired. Therefore, the Petition, filed on June 11, 2008, was over four months late.

Petitioner has not set forth any facts showing he is entitled to equitable tolling. The United States Supreme Court set forth the two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007); Downs v. McNeil, 520 F.3d 1311, 1318 (Fla. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). Petitioner has not met this burden.

Although Petitioner has included a letter[7] from counsel reflecting that his case was final on July 9, 2007, errors of counsel in calculating the running of the federal limitations period are not extraordinary circumstances. Attorney negligence, even gross negligence, does not warrant equitable tolling. Holland

---

[7] Petition, attached letter from Richard M. Summa, Assistant Public Defender, dated July 17, 2007.

v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008) (per curiam); Lawrence, 127 S.Ct. at 1085 (attorney miscalculation of the limitations period does not warrant equitable tolling because this "would essentially equitably toll the limitations periods for every person whose attorney missed a deadline").

Further, Petitioner has failed to show due diligence on his part with regard to ascertaining the correct deadline to file a federal petition. Although Petitioner claims that he is untrained in the law and was therefore confused about the filing deadline, the record reflects that counsel, by letter dated July 17, 2007, notified Petitioner of the Delancy[8] case, which cited to 28 U.S.C. § 2244(d) and explained the tolling provisions. Clearly, the lack of a formal education does not excuse Petitioner from his delay in filing a timely federal petition. Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (Not Reported in F.Supp.2d) (Report and Recommendation), Report and Recommendation adopted by the District Court on March 14, 2007; see Conner v. Bullard, No. Civ.A. 03-0807-CG-B, 2005 WL 1387630, at *3 (S.D. Ala. June 9, 2005) (Not Reported in F.Supp.2d) (finding the claim of illiteracy to not be justification for equitable tolling of the one-year statute of limitations), Conner v. Bullard, No. CIV.A. 03-807-CG-B, 2005 WL 1629951 (S.D. Ala. July

---

[8] Delancy v. Fla. Dep't of Corr., 246 F.3d 1328 (11th Cir. 2001).

9

8, 2005) (Not Reported in F.Supp.2d) (Report and Recommendation Adopted by the District Court); Malone v. Okla., 100 Fed. Appx. 795, 798 (10th Cir. 2004) (not selected for publication in the Federal Reporter) (stating that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (stating that unfamiliarity with the legal process due to illiteracy does not merit equitable tolling), cert. denied, 528 U.S. 1007 (1999).

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #12) is **GRANTED.**

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 26TH day of NOVEMBER, 2008.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

10

sc 11/24
c:
Tommie Lee Williams
Assistant Attorney General (Hill)